**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DIANE MARCHIORI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| VANGUARD CAR RENTAL USA, INC., | : | |
| ALAMO RENT-A-CAR, LLC, and | : | |
| BUDGET RENT A CAR SYSTEM, INC. | : | NO.  05-5685 |


Norma L. Shapiro, S.J.                                   March 17, 2006

<u>MEMORANDUM & ORDER</u>

I.      **Introduction**

On June 28, 2005, plaintiff Diane Marchiori filed the complaint in this personal injury

negligence action against defendants Vanguard Car Rental USA, Inc. ("Vanguard"), Alamo Rent-

A-Car, LLC ("Alamo"), and Budget Rent-A-Car System, Inc. ("Budget") in the Court of

Common Pleas for Philadelphia County.  The complaint alleges damages "in excess of $50,000,"

exclusive of interest and costs, and also alleges plaintiff is a citizen of Illinois and defendants are

citizens of other states.[1]  On September 28, 2005, plaintiff answered Vanguard and Alamo's first

request for admissions in which she denied she was seeking less than $75,000 in damages,

---

[1]       Plaintiff alleges Alamo is a limited liability company ("LLC"), but her complaint
does not set forth the citizenship of all individual members of the LLC.  Compl. ¶¶ 4-5.  Should
it be established through the course of discovery that any of the individual members of the LLC
is a citizen of Illinois, this court will dismiss the action for lack of subject matter jurisdiction
under 28 U.S.C. § 1332.  <u>See</u> 15 James W. Moore, <u>Moore's Federal Practice - Civil</u> § 102.57 (3d
ed. 2005) (the citizenship of a partnership, joint venture, unincorporated association, and LLC,
for the purpose of diversity jurisdiction, is established by determining the citizenship of each
individual partner or member comprising the entity; the 2nd, 7th, 8th and 11th Circuits have held
that citizenship of LLCs is determined by the citizenship of its members); <u>see also</u> <u>Grupo
Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 569 (2004) (reaffirming "accepted rule" that
a partnership is a citizen of each state or foreign country of which any of its partners is a citizen).

exclusive of interest and costs.  On October 26, 2005 – three months after being served plaintiff's complaint but less than 30 days from the time plaintiff answered Vanguard and Alamo's first request for admissions – Vanguard and Alamo ("the removing defendants") filed a notice of removal pursuant to 28 U.S.C. § 1441 (actions removable generally).[2]

Plaintiff moves to remand because the removing defendants' notice of removal was not filed within 30 days of the service of plaintiff's complaint.  See 28 U.S.C. § 1446(b) (procedure for removal).  The removing defendants argue their notice of removal was timely under § 1446(b) because it was filed within thirty days of the date they received plaintiff's response to their first request for admission; her denial that she was claiming less than $75,000 in damages first established that plaintiff's action met the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332.

## II.   Discussion

28 U.S.C. § 1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

---

[2]      Budget consented to the removal.  See Ex. C. (Budget's consent to removal) to Notice of Removal.

When the "initial pleading" gives notice that the action is removable, the second paragraph of §

1446(b) does not apply.  See Sikirica v. Nationwide Insur. Co., 416 F.3d 214, 220-21 (3d Cir.

2005).  In cases where the "initial pleading," i.e. plaintiff's complaint, does not provide notice of

grounds for removal, the second paragraph of § 1446(b) applies; notice of removal must be filed

within 30 days after the removing defendants receive "a copy of an amended pleading, motion,

order or other paper from which it may first be ascertained that the case is one which is or has

become removable."  The removing defendants bear the burden of showing their removal was

timely.  McGhee v. Allstate Ins. Co., No. 05-cv-1813, 2005 WL 2039181, at *1 (E.D.Pa. Aug.

22, 2005); Sikirica, 416 F3d at 219.

There is no Third Circuit opinion on what constitutes "other paper" under § 1446(b).

Some court's decisions have concluded that an "other paper" must actually be filed with the

court, but most have given the term an "embracive construction" including a wide array of

documents.  McGhee, 2005 WL 2039181 at *2; Efford v. Milam, 368 F. Supp.2d 380, 384

(E.D.Pa. 2005); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal

Practice and Procedure § 3732 (3d ed. 1998).  In the Tenth Circuit, an answer to an interrogatory

is an "other paper" under § 1446(b) when the initial pleading is ambiguous regarding

removability and the first clear notice of removability is given in the interrogatory response.

Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 (10th Cir. 1998); see also McGhee, 2005 WL

2039181 at *2 (applying Tenth Circuit standard).

If the removing defendants were on notice that this action was removable on the face of

plaintiff's complaint, their notice of removal was untimely.  If the complaint was ambiguous

regarding removability, plaintiff's answer to the removing defendant's first request for

admissions was an "other paper" under § 1446(b), and the notice of removal was timely.

There are no federal claims in plaintiff's complaint.  There is diversity of citizenship.  But see note 1, supra.  There is no dispute that plaintiff's answer to the removing defendants' first request for admissions qualifies as "other paper" under § 1446(b).  The dispute is whether defendants were on notice of the amount in controversy by plaintiff's complaint.

Plaintiff argues that it is "facially apparent" from the complaint that her claimed damages exceed $75,000.  Pl.'s Mem. at 5.  While plaintiff's complaint alleged some specific medical injuries,[3] the monetary value asserted ("in excess of $50,00") did not put defendants on notice that the claimed damages were in excess of the federal threshold for removability.  The purpose of the second paragraph of § 1446(b) "is to commence the running of the thirty day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner."  McGhee v. Allstate Ins. Co., No. 05-cv-1813, 2005 WL 2039181, at *2 (E.D.Pa. Aug. 22, 2005) (quotations omitted) (removal timely based on nearly identical facts); Broderick v. Dellasandro, 859 F. Supp. 176, 178 (E.D.Pa. 1994); 14C Wright, Miller & Cooper, Federal Practice and Procedure § 3732.  Plaintiff's response to the removing defendants' first request for admissions constituted the "other paper" that first notified defendants that the case was removable.  Defendants' removal was timely under 28 U.S.C. §

---

[3]      The injuries alleged in plaintiff's complaint include: "a nondisplaced left radial head fracture, a right-foot puncture wound, left wrist contusions, a wounded head, a torn right rotator cuff and multiple bruises and contusions to various parts of her body."  Compl. ¶¶ 34, 35.  While these allegations sound serious, without any specification of monetary damages, they are not sufficient to establish an amount in controversy exceeding $75,000.  See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 403 (3d Cir. 2004) ("[E]stimations of the amounts recoverable must be realistic.  The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated.")

4

1446(b).

**IV.    Conclusion**

    Plaintiff's motion to remand is denied.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| DIANE MARCHIORI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| VANGUARD CAR RENTAL USA, INC., | : | |
| ALAMO RENT-A-CAR, LLC, and | : | |
| BUDGET RENT A CAR SYSTEM, INC. | : | NO.  05-5685 |


## <u>ORDER</u>

      **AND NOW**, this 17th day of March, 2006, upon consideration of plaintiff's motion to remand and defendants' opposition thereto, for the reasons included in the accompanying memorandum, it is **ORDERED** that plaintiff's motion to remand (paper # 6) is **DENIED**.


                                        /s/ Norma L. Shapiro
                                        Norma L. Shapiro, S.J.